UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
CLEARCORRECT HOLDINGS, INC.;                :
CLEARCORRECT OPERATING, LLC;            :           24-MC-399 (VSB)
INSTITUT STRAUMANN AG; and                    :
STRAUMANN USA, LLC,                                   :           [Underlying W.D. Tex.
                                  Petitioners     :             Case: 6:24-CV-187]
:
               -against-                                   :           **TRANSFER ORDER**
:
ALIGN TECHNOLOGY, INC.,                          :
:
                                  Respondent.   :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       Before me are Petitioners' Motion to Quash a Non-Party Subpoena and for Transfer Under Federal Rule of Civil Procedure 45(f). (Doc. 1. ("Motion").)

       The subpoena Petitioners seek to quash directs that compliance take place at a law firm's Manhattan office—within the Southern District of New York. (Doc. 3-1 at 5.) The subpoena was issued, however, from the Western District of Texas in connection with *Align Technology, Inc. v. ClearCorrect Operating, LLC et al*, No. 6:24-CV-187 (W.D. Tex.). "Federal Rule of Civil Procedure 45(f) permits a court to transfer subpoena-related motions to the court where the underlying action is pending 'if the person subject to the subpoena consents or if the court finds exceptional circumstances.'" *Drummond Co., Inc. v. VICE Media LLC*, No. 21-MC-859, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (quoting Fed. R. Civ. P. 45(f)).

       I find that transfer of the Motion to the issuing court—the Western District of Texas, Waco Division—is appropriate. SunSmile, Inc., the party subject to the subpoena, consents to the transfer, (Doc. 2 at 1, 4, 10); this consent "is sufficient to permit transfer to the issuing

court." *Amyndas Pharms. Single Member P.C. v. Alexion Pharms., Inc.*, No. 23-MC-447, 2023 WL 8280973, at *1 (S.D.N.Y. Nov. 30, 2023) (quoting Committee Notes to the 2013 Amendment to Fed. R. Civ. P. 45(f)).  Additionally, the issuing court is familiar with the matter, and Petitioners have filed a motion there for a protective order under Civil Rule 26(c) to prohibit enforcement of the subpoena.  *See Align Technology, Inc. v. ClearCorrect Operating, LLC et al*, No. 6:24-CV-187 (W.D. Tex. Aug. 26, 2024), ECF No. 78.  Thus, transferring the Motion to the issuing court would permit the same tribunal to adjudicate the motion to quash and the motion for a protective order, "serv[ing] judicial economy and consistency by 'avoiding piecemeal litigation.'"  *Amyndas*, 2023 WL 8280973, at *1 (quoting *Am. Plan Administrators v. S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022)).

    Accordingly, it is hereby:

    **ORDERED** that Petitioners' Motion to Transfer, (Doc. 1), is **GRANTED**.[1]

    The Clerk of Court is respectfully directed to, by **5:00pm ET on September 20, 2024**, transfer this case to the United States District Court for the Western District of Texas, docket number 6:24-CV-187, before District Judge Alan D. Albright and Magistrate Judge Derek T. Gilliland.

SO ORDERED.

Dated: September 20, 2024
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

---

[1] This Order should not be construed to express an opinion on the merits of Petitioners' motion to quash, or any other relief requested in this miscellaneous case.